FILED
JAN 20 2017
Clerk, US District Court
District of Montana - Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JEFFREY THOMAS KECSKES,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTINA BOYSDOS, TOM GREEN, C/O HEIMBUCK, SGT. RILEY, and SGT. HELSPUR,<br><br>Defendants. | CV 16-00047-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jeffrey Kecskes is a prisoner proceeding *in forma pauperis* and without counsel. On August 3, 2016, the Court requested Defendants Boysdos, Heimbuck, Riley and Helspur to waive service of process. (Doc. 15.) On August 19, 2016, Counsel for Defendant Green filed a notice indicating that they would accept service on behalf of Defendants Wayne Heimbuck and Desirae Riley. (Doc. 16.) Counsel represented that they sent a letter to the last known address of Defendant David Helspur, but did not receive a response, and therefore were not authorized to accept service on his behalf. (Doc. 16 at 2.)

On September 19, 2016, the Court required Mr. Kecskes to provide a current address for Defendant Helspur. He was specifically advised that if he failed to provide the necessary information to effectuate service on Defendant

1

Helspur on or before November 1, 2016, the Court would recommend the dismissal of Defendant Helspur without prejudice absent a showing of good cause. (Doc. 19.) Mr. Kecskes has not provided the necessary information to effectuate service on Defendant Helspur, and he has not shown cause for failing to do so. Accordingly, Defendant Helspur should be dismissed without prejudice.

Defendant Kristina Boysdos filed a waiver of service on September 15, 2016. (Doc. 18.) Her Answer to the Amended Complaint was due on or before October 3, 2016. She has not filed an answer or any other responsive pleading. Accordingly, the Clerk of Court will be directed to enter default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Based on the foregoing, the Court issues the following:

**ORDER**

1. The Clerk of Court shall enter default against Defendant Boysdos, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

2. The Department of Corrections website indicates that Mr. Kecskes is no longer incarcerated at Montana State Prison, and is currently at the Billings Pre Release Center. Mr. Kecskes has been advised on a number of occasions that he must immediately advise the Court and opposing counsel of any change of address and its effective date, and that a failure to do so could result in the dismissal of the

action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to send a copy of this Order to Mr. Kecskes at Montana State Prison and at the Billings Pre Release Center, 3109 1st Avenue North, Billings, MT 59101.

On or before **February 10, 2017**, Mr. Kecskes must file a Notice of Change of Address verifying that he is currently held at the Billings Pre Release Center. If he fails to do so, the Court will recommend that this matter be dismissed with prejudice for failure to comply with a Court order. *See Fed.R.Civ.P. 41(b)*; *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987)(a court may dismiss an action, with prejudice, for failure to obey a court order).

3. The Clerk of Court is directed to add Wayne Heimbuck, Desirae Riley, and David Helspur to the defendants section of the docket.

Further, the Court issues the following:

## RECOMMENDATIONS

Defendant Helspur should be DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 4(m).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of January, 2017.

Timothy J. Cavan
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.